## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

JONATHAN ELLIS BROWN,        )
#170224                        )
                              )
    **Plaintiff,**        )
                              )
VS.                           )        CASE NO.: 2:06-CV-931-MHT
                              )
ATTORNEY GENERAL              )
TROY KING, et al.             )
                              )
    **Defendants.**       )

## JOINT SPECIAL REPORT

    **COME NOW**, the Defendants, **Troy King, Seth Hammett, and Bob Riley,** and in accordance with this Honorable Court's Order of November 21, 2006, do hereby submit the following Special Report.

## PARTIES

1. The Plaintiff, Jonathan Ellis Brown, AIS# 170224, ("Mr. Brown") is an Alabama Department of Corrections ("ADOC") inmate, who is presently incarcerated at St. Clair Correctional Facility ("St. Clair") in Springville, Alabama.

2. Mr. Brown has named the following Defendants:

    a. Troy King ("Attorney General King"), Attorney General of the State of Alabama.

    b. Seth Hammett ("Speaker Hammett"), Speaker of the Alabama House of Representatives.

c. Bob Riley ("Governor Riley"), Governor of the State of Alabama.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

Mr. Brown seeks declaratory relief and a temporary restraining order. Mr. Brown alleges in his complaint that Defendants have violated his constitutional rights. Specifically, Mr. Brown alleges:

1.  Ala. Code § 13A-11-200 and § 15-20-20, et seq. (1975), otherwise known as "The Registration Act" and "The Community Notification Act", respectively, violate Mr. Brown's constitutional rights because he did not receive proper notice upon conviction that he must register as a sex offender.

2.  The acts are vague and indefinite because they fail to define the "responsible agency" required to inform offenders about registration and notification.

## DEFENDANTS' EXHIBITS

1.  Exhibit A – Alabama Board of Pardons and Paroles Report of Investigation dated 8-16-96.

2.  Exhibit B- Affidavit regarding Mr. Brown's current status as an inmate at St. Clair Correctional facility.

3.  Exhibit C – Detainer Based on Federal Judgment and Commitment for the Middle District of Alabama

## DEFENDANTS' RESPONSE

1. Insofar as Mr. Brown seeks monetary damages, Defendants, Attorney General King, Speaker Hammett, and Governor Riley, named in their official capacities are immune by virtue of sovereign immunity.

2. This Honorable Court lacks jurisdiction to hear this suit brought by Mr. Brown.

3. Defendants deny violating Mr. Brown's constitutional rights.

4. Mr. Brown's vagueness claims are without merit.

5. Defendants request that this Honorable Court consider this report as a Motion to Dismiss at such time when this Honorable Court sees fit.

## STATEMENT OF UNDISPUTED FACTS

Mr. Brown carefully fails to disclose any of his criminal history in his complaint against the Defendants. Mr. Brown is a multi-state (New York and Alabama) convicted criminal with a criminal history that is rather lengthy. (Ex. A) However, Defendants will focus only on those crimes that influence Mr. Brown's status as a sex offender and his necessity to register as a criminal sex offender.

On June 6, 1992, the State of Alabama arrested then eighteen-year-old Jonathan Ellis Brown for sexual abuse in the first degree. (Ex. A)

3

Brown was subsequently denied youthful offender status on October 16, 1992, and sentenced to 1 year and 1 day split-to-serve 180 days at a boot camp. (Ex. A.) On April 29, 1993, Brown was granted two years probation. (Ex. A) However, on January 18, 1994, Brown's probation was revoked for various violations. (Ex. A).

Between 1988 and 2003, Mr. Brown was arrested for various offenses, including Robbery, Assault on a police officer, Harassment, Theft of Property, Possession of Marijuana, and multiple counts of Domestic Violence. (Ex. A)   On August 7, 2001, Mr. Brown was again arrested and charged with failing to register as a criminal sex offender. (Ex. A)   Obviously, the necessity to register was based on the 1992 conviction for sexual abuse in the first degree, an offense clearly recognized as a registration offense under Alabama Code § 13A-11-200. On July 7, 2003, Mr. Brown was convicted in Autauga County Circuit Court. (Ex. A)   Based on his status as a habitual and violent offender, Mr. Brown was sentenced to 30 years imprisonment and returned to ADOC. (Ex. A)   Mr. Brown is currently housed at St. Clair Correctional Facility and is not due to be released until 2032. (Ex. B)   Mr. Brown is not scheduled for a parole hearing until 2012. (Ex. B)   Additionally,   on September 22, 2004, the United States Marshal's Service issued a Detainer against Mr. Brown, requesting subsequent custody of Mr. Brown for service of a 15-year federal sentence of imprisonment for Alabama I.C.E. (Isolate the Crime Element) firearm violations. (Ex. C)

4

During his initial intake, Mr. Brown was classified as a sex offender for purposes of ADOC internal classification based on: the ADOC Corrections Classifications Manual, ADOC Admin. Reg. No. 400 "Classification of Inmates," and his criminal background. Mr. Brown has remained classified as a sex offender for purposes of ADOC internal classification since this time.

## ARGUMENT

**A.    THE PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THEY CHALLENGE THE DURATION OF HIS SENTENCE, NOT THE CONDITIONS OF HIS CONFINEMENT.**

The Plaintiff has brought his claims under the guise of 28 U.S.C. § 1983, which applies to claims regarding a prisoner's conditions of confinement. In <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994), however, the Supreme Court relied upon <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-90 (1973), which "held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." If the cause is one that should be brought under 28 U.S.C. §2254(b), then the state prisoner must have "exhausted the remedies available in the courts of the State,…" It has been held that "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of

5

his sentence." Nelson v. Campbell, 541 U.S. 637, 643 (2004) (other citations omitted).    When an inmate challenges his conditions of confinement, such should be raised as a § 1983 claim.  When an inmate challenges his sentence or conviction, then it should be raised as a § 2254 claim.  Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).  Before a plaintiff may seek damages for an "allegedly unconstitutional conviction or imprisonment, or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck at 486-87.  Heck further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Id. at 487.

In the case at bar, the Plaintiff has brought a claim that directly affects his sentence or conviction.  The Plaintiff is seeking relief from his conviction.  The Plaintiff has not previously brought his action in the state court system.  His sentence has not been reversed or declared invalid by a state tribunal.  The Plaintiff has not exhausted his remedies that are available within the state court system.  Therefore, the Plaintiff should not be allowed to bring this action under the guise of a § 1983 claim and the same should be remanded to state court at this time.

**B.    DEFENDANTS' RESPONSE TO CONSTITUTIONAL CLAIMS**

Insofar as this Court assumes jurisdiction, the State asserts, in the alternative, that <u>all</u> legislative enactments, including the registration and notification acts, are presumed to be constitutional.    <u>Town of Vance v. City of Tuscaloosa</u>, 661 So. 2d 739, 742 (Ala. 1995).    In <u>Home Indemnity Co. v. Anders</u>, 459 So.2d 836 (Ala.1984), the Alabama Supreme Court stated:

> "In determining whether [an] act is constitutional, we are bound by the following presumption:
>
>> "'[I]n passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of government.    All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law.'"

459 So.2d at 840.

In his complaint, the Plaintiff contends that the registration and notification laws are vague and violate the United States Constitution. The Plaintiff also contends that the acts violate his rights as guaranteed by parallel clauses of the Alabama Constitution of 1901. These contentions, however, are untenable in the light of existing law.

## I.    Claims against Troy King.

Moreover, Mr. Brown has failed to state a claim against Attorney General Troy King upon which relief may be granted. To be successful in this action, Mr. Brown must show that he "has sustained, or is in immediate danger of sustaining, a direct injury as the result of that act." National Viatical, Inc. v. Oxendine, 2006 WL 1071839, *5 (11th Cir. 2006) (citing National Advertising Co. v. City of Miami, 402 F.3d 1335, 1339 (11th Cir. 2005). As noted, Mr. Brown is not currently eligible for parole and is not scheduled for a parole hearing until 2012. (Ex. B) Indeed, if Mr. Brown refuses to register as a sex offender in the future, he will not be eligible for parole. Ala. Code § 15-20-22(a) (1). Until then, Mr. Brown cannot be in violation of the Act. Ala. Code §15-20-22. The Attorney General will not prosecute Mr. Brown for a crime that he has yet to commit. Therefore, Mr. Brown's claim against Attorney General Troy King is not ripe.

## II.    Claims against Governor Riley and Speaker Hammett

Mr. Brown has failed to state a claim upon which relief may be Granted against Governor Bob Riley and Speaker Seth Hammett. The Act does not refer in any way to the Governor or the Speaker. See Ala Code § 15-20-20 et. seq. Despite Mr. Brown's assertions, the ADOC is responsible for facilitating Mr. Brown's registration with the ADPS prior to his release. The ADOC cannot force Mr. Brown to register. However, the ADOC facilitates the registration process between Mr. Brown and the

ADPS. Therefore, Mr. Brown has no claim against Governor Bob Riley or Speaker Seth Hammett.

## C.    THE PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE DEFENDANTS.

As is evident from the Plaintiff's complaint, his claims are directed principally toward actions allegedly perpetrated by officials of the various responsible agencies and the Attorney General in his capacity to potentially prosecute. There are no specific claims directed toward the Governor or the Speaker.

Though it is not couched as such in the complaint, the Plaintiff's allegations appear to be an attempt to hold Speaker Hammett and the Governor vicariously liable. Yet, "'[i]t is well established in [the Eleventh] Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.'" Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). Thus, the Governor or the Speaker cannot be subjected to suit merely because other state officials or agents who may ultimately answer to them have allegedly violated the law.

It is unclear as to what the Plaintiff's claims truly are in his complaint. This is especially problematic in light of the "heightened pleading" requirement that attends section 1983 claims, especially those for which qualified immunity is raised as a defense. See Gonzalez v.

Reno, 325 F.3d 1228, 1235 (11th Cir. 2003).  As the Eleventh Circuit has held, "[i]n civil rights and conspiracy actions, . . . more than mere conclusory notice pleading is required" and "a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  Thus, in reviewing a motion to dismiss in a section 1983 case, a court "need only accept 'well-pleaded facts' and 'reasonable inferences drawn from those facts.'" Gonzalez, 325 F.3d at 1235 (quoting Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)).  "'[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.'" Gonzalez, 325 F.3d at 1235 (quoting Marsh v. Butler County, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)).  Moreover, the courts "'generally accord . . . official conduct a presumption of legitimacy.'" Gonzalez, 325 F.3d at 1235 (quoting United States Dep't of State v. Ray, 502 U.S. 164, 179 (1991)).

In the present case, the claims against the Defendants are confusing and unclear.  The Plaintiff has not attributed any specific actions to the Defendants.  The allegations are assigned collectively and are stated generally.  Therefore, based on the above-cited authority, the Defendants are entitled to a judgment dismissing the Plaintiff's claims against them. In sum, state officials should be allowed to exercise discretion in the performance of their duties without fear of a lawsuit around every corner. Mitchell, 472 U.S. at 525-26; see also Hunter v. Bryant, 502 U.S. 224,

229 (1991); <u>Burrell v. Bd. of Trustees of Ga. Military College</u>, 970 F.2d 785, 794 (11th Cir. 1992), <u>cert. denied</u>, 507 U.S. 1018 (1983).

**D.    THE PLAINTIFF'S STATE-LAW CLAIMS AGAINST THE DEFENDANTS SEEKING DECLARATORY OR INJUNCTIVE RELIEF ARE NONJUSTICIABLE.**

The Plaintiff asserts state-law claims against the Defendants based on his broad and unsupported contention that the Defendants violated the Alabama Registration and Community Notification Acts as established in Ala. Code § 13A-11-200 and § 15-20-20, et seq. (1975)(as generally stated by the Plaintiff and specifically interpreted by the Defendants). <u>See</u> Pl.'s Compl., ¶¶ 4-6. As is characteristic of the remainder of the complaint, these counts again fail to describe with any particularity how the Defendants have done anything to injure the Plaintiff.

The fact of the matter, however, is that neither the Governor nor the Speaker has any special duties under the Alabama Registration and Community Notification Acts as it regards the Plaintiff in this case. For these reasons, neither the Governor nor the Speaker now can affect whatever declaratory or injunctive relief the Plaintiff may seek in this lawsuit and the allegations against the Attorney General are not ripe. As a result, his state-law claims are simply nonjusticiable.

The Alabama Supreme Court has held that actions will be deemed nonjusticiable "'where, by reason of inadequacy of parties defendant, the judgment could not be sufficiently conclusive.'" <u>Stamps v. Jefferson</u>

County Bd. of Educ., 642 So. 2d 941, 944 (Ala. 1994).  That court has further observed that "'[a]ctions for declaratory judgments brought by individuals to test or challenge the propriety of public action often fail on this ground, . . . because the . . . public officer or other person selected as a defendant has . . . no special duties in relation to the matters which would be affected by any eventual judgment.'"  Id. (quoting Rogers v. Alabama Bd. of Educ., 392 So. 2d 235, 237 (Ala. Civ. App. 1980)).  Stated another way, "actions will be deemed nonjusticiable '[w]hen the defendant has no power to affect the plaintiff's rights.'"  Ex parte State ex rel. James, 711 So. 2d 952, 964 (Ala. 1998).

As argued herein, it is evident in this case that the Defendants have no specific duties regarding the Plaintiff and his attempts to have his conviction overturned.  Thus, to the extent the Plaintiff seeks declaratory or injunctive relief, such claims are nonjusticiable, and this Court lacks subject-matter jurisdiction to consider such claims.  See James, 711 So. 2d at 960 n.2.  Therefore, this Court should dismiss the complaint to the extent those claims seek declaratory or injunctive relief.

## E.    THE PLAINTIFF'S VAGUENESS CLAIMS ARE WITHOUT MERIT.

In his claims, the Plaintiff alleges that the Act is overly broad and vague.  This contention, too, is unsupportable.  "'"[B]ecause '[t]he essential purpose of the "void for vagueness" doctrine is to warn individuals of the criminal consequences of their conduct,' Jordan v. De

George, 341 U.S. 223, 230, 71 S. Ct. 703, 707, 95 L. Ed.2d 886 (1951), '[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness,' Parker v. Levy, 417 U.S. 733, 756, 94 S. Ct. 2547, 2562, 41 L. Ed.2d 439 (1974), 'even though the statute may well be vague as applied to others,' Aiello v. City of Wilmingham, 623 F.2d 845, 850 (3d Cir. 1980). Therefore, a Plaintiff who challenges the statute on the grounds of vagueness 'must demonstrate that the statute under attack is vague as applied to his own conduct, regardless of the potentially vague applications to others.' Aiello, 623 F.2d at 850."' Ex parte Woodyard, 631 So.2d 1065, 1069 (Ala. Crim. App. 1993) (emphasis original), quoting Senf v. State, 662 So.2d 435, 437 (Ala. Crim. App. 1993)." Dill v. State, 1998 WL 272850, slip op. at 25 (Ala. Crim. App. 1998).

The preamble to Alabama's Community Notification Act clearly sets out what the Alabama Legislature intended when it enacted the registration and notification laws. There, the legislature stated that it acted due to the "danger of recidivism posed by criminal sex offenders." Ala. Code § 15-20-20.1. Moreover, Section 13A-11-200(a) of the Code states, "The Legislature declares that its intent in imposing certain reporting and registration requirements on criminal sex offenders is to protect the public, *especially children*, from the dangers posed by criminal sex offenders and *not to further punish such offenders*." Ala. Code § 13A-11-200(a) (emphasis added). Finally, both statutes clearly recognize sexual abuse in the first degree as a criminal sex offense

deserving of registration and notification. (See Ala. Code § 13A-11-200(b) and § 15-20-21(4)(d).)

The Plaintiff contends that the acts are vague and indefinite because they fail to define the "responsible agency" required to inform offenders about registration and notification. Alabama Code § 15-20-21(11) clearly defines "responsible agency" as follows:

> RESPONSIBLE AGENCY. The person or government entity whose duty it is to obtain information from a criminal sex offender before release and to transmit that information to police departments or sheriffs responsible for providing community notification. For a criminal sex offender being released from state prison, the responsible agency is the Department of Corrections. For a criminal sex offender being released from a county jail, the responsible agency is the sheriff of that county. For a criminal sex offender being released from a municipal jail, the responsible agency is the police department of that municipality. For a criminal sex offender being placed on probation, including conditional discharge or unconditional discharge, without any sentence of incarceration, the responsible agency is the sentencing court. For a criminal sex offender being released from the Department of Youth Services, the responsible agency is the Department of Youth Services. For a criminal sex offender who is being released from a jurisdiction outside this state and who is to reside in this state, the responsible agency is the Department of Public Safety.

Therefore, the Plaintiff's vagueness contentions are untenable in the light of existing law and are due to be dismissed.

## CONCLUSION

Based on the foregoing, Defendants **Troy King**, **Bob Riley, and Seth Hammett** respectfully request that this court consider treating this

Special Report as a Motion to Dismiss, and enter judgment in favor of the
Defendants.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KIN047

/s/ *Joshua Bearden*_____
Joshua Bearden (BEA070)
ASSISTANT ATTORNEY GENERAL
Counsel for Defendants

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7300
(334) 242-2433 (fax)

CERTIFICATE OF SERVICE

I hereby certify that I have, this 30th day of January, 2007, served a copy of the foregoing on the plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Jonathan Ellis Brown #170224
St. Clair Correctional Facility
1000 St. Clair Rd.
Springville, AL  35146

/s/  Joshua S. Bearden _____
OF COUNSEL

**ALABAMA BOARD OF PARDONS AND PAROLES**
**REPORT OF INVESTIGATION**

*Donaldson*

Type of Investigation___**LEGAL FACTS ONLY**_____Date Dictated__7-30-96_____

Name__BROWN, Jonathan E._____True Name__BROWN, Jonathan Ellis____

Alias___Buddy Brown, J. Ellis Brown_____

RSA__BM, 22_____DOB__1-4-74_____Height & Weight__5'10" — 150 lbs.___

Complexion___Dark_____Color of Hair__Black____Color of Eyes__Brown___

Bodily Marks_____

Driver's License#__5876577 — AL_____SS#_____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_____

AIS#__170224A_____FBI#_____SID#_____

Address___Department of Corrections_____Phone#_____

_____

_____

County_____Autauga_____Case#___CC-95-146_____

Offense(s)___Assault, Second Degree_____

Sentence(s)___2 years concurrent with sentence serving_____

Date of Sentence___10-19-95_____Date Sentence Began____10-19-95___

Date of Arrest___5-1-95____Date of Bond___5-19-95___Bond Amt. $_3,500.00_

Judge___Steven Drinkard_____D.A.__Janice Clardy_____

Attorney___Wayne Perdue_____Retained_____Appointed__XX____

Court Ordered Restitution $___None_____

Barred from Parole (Ala. Code 15-22-27.1) Yes_____No__XX____

Copies sent to Central Records___7-30-96_____
                                   (date)

NOTES:

PBF 203

1.

ENTERED TERMINATE
DATE _____

**GOVERNMENT**
**EXHIBIT**
__A__

## PRESENT OFFENSE(S)

**County, Court & Case Number:**

Autauga County Circuit Court CC-95-146

**Offense:**

Assault, Second Degree

**Sentence:**

2 years concurrent with sentence serving.

**Date of Sentence:**

10-19-95

**Details of Offense:**

On 4-30-95 at approximately 7:30 p.m., Prattville Police Officers were called to
311 County Road 4 East in reference to an assault.  Upon arrival officers observed
the victim, Regina Albright, with about a 3" cut to her forehead.  Her skull was
exposed and there was a large amount of bleeding from the wound.  Witnesses stated
that Jonathan Brown began arguing with Robert Brown, a relative, pulled a revolver
and pointed it at him.  When Robert Brown told Jonathan to put the gun away, Jonathan
Brown went into the residence at 311 County Road 4 East and locked the door behind
him.  Once inside the house, Brown confronted Regina Albright and started to beat
her head against a table in the kitchen.

**Serious Physical Injury Barring Parole:**

None.

**Subject's Statement:**

Not available - already transported to DOC.

**Case Status of Co-Defendants:**

None.

**Victim Notification Information:**

Regina Albright, black female, DOB:  1-16-58, 311 County Road 4 East, Prattville,
Alabama 36067.

**Victim Impact:**

The victim had to be transported to Autauga Medical Center for emergency treat-
ment.  The extent of her injuries is unknown.

The Victim Impact Report was mailed, but has not yet been returned.


GOVERNMENT
EXHIBIT
A

<u>Location of Offense:</u>

This offense occurred within the city limits of Prattville, Alabama, a municipality having a population of 2,000 or more.

<u>Court Ordered Restitution:</u>

None.

<u>RECORD OF ARREST(S)</u>

<u>Prior Arrest Record:</u>

| Date | Court | Offense | Disposition |
|------|-------|---------|-------------|
| 12/27/88 | Autauga County Juvenile Court JU-88-346 | Harassment | 1/9/89 delinquent, probation. |
| 12/28/88 | Autauga County Juvenile Court JU-88-347 | TOP III | 2/15/89 delinquent, probation in 88-346 revoked, reserved commitment to DYS. |
| 5/21/90 | Autauga County Juvenile Court JU-90-67/68 | Theft II/Unlawful B & E of Motor Vehicle | 6/21/90 delinquent, committed to Selma; 3/12/91 committed to Mt. Meigs. |
| 1/13/92 | Autauga County Juvenile Court JU-90-67.01/67.02 | Assault III (Reduced from Assault II)/ Assault II | 3/18/92 delinquent on both cases and DYS commitment suspended due to age 18. |
| 6/6/92 | Autauga County CC-92-176 | Sexual Abuse, 1st | 10/16/92 YO denied. 12/2/92 sentenced to 1 year & 1 day split to serve 180 days Boot Camp. 4/29/93 2 years probation granted. 1/18/94 probation revoked. |
| 10/26/92 | Prattville Municipal Court | Speeding | Convicted. |
| 11/10/93 | Prattville Municipal Court | Driving While Suspended | Convicted. |
| 11/19/93 | Prattville Municipal Court | Attempting to Elude | Convicted. |
| 8/29/94 | Autauga County CC-95-76 | Assault II | 10 years DOC |

3


GOVERNMENT EXHIBIT
A

| 9/15/94 | Autauga County CC-95-77 | Assault II | 10 years, concurrent with above. |
| 1/27/95 | Autauga County CC-95-78 | Assault II | 10 years, concurrent with above. |
| 1/27/95 | Montgomery Municipal Court | Speeding | Convicted. |

Signed & dated at Prattville, Alabama, this the 30th day of July, 1996.


Ann J. Cargo
Alabama Probation and Parole Officer


Reviewed By:


Charles Strowd
District Supervisor


AJC/slp

4



STATE OF ALABAMA            )
MONTGOMERY COUNTY           )


## **AFFIDAVIT**

BEFORE ME, the undersigned authority for said County and State, personally appeared Ann W. Gault, who is known to me, and after being duly sworn, deposed and said as follows:

My name is Ann W. Gault. I am employed as a Board Operations Manager with the Alabama Board of Pardons and Paroles. In that capacity, among other duties, I supervise the setting of parole hearings and parole set dates.

I hereby verify that Jonathan Ellis Brown, AIS# 170224, is set for tentative parole consideration in March of 2012. His sentence will end March 6, 2032.

Under the Board's Operating Procedures, Article 2, §1, Jonathan Ellis Brown may request earlier parole consideration by the Review Committee after serving five (5) years of his sentence. The Board's Operating Procedures may be accessible at www.pardons.al.us.

The Review Committee may reschedule parole consideration earlier than docketed previously if such would be consistent with society's interest.

**ANN W. GAULT**
**BOARD OPERATIONS MANAGER**

SWORN TO AND SUBSCRIBED before me this 30ᵗʰ day of January 2007.

**NOTARY PUBLIC**
Commission Expires: 10/30/07

1

EXHIBIT
B

Department of Justice
United States Marshals Service



# DETAINER
## BASED ON FEDERAL JUDGMENT AND COMMITMENT

### UNITED STATES MARSHAL
### MIDDLE DISTRICT OF ALABAMA

TO: Department of Corrections
Detainer Division
P.O. Box 301501
Montgomery, AL 36130

DATE: September 22, 2004
SUBJECT: BROWN, Jonathan Ellis
AKA: None Known    B/M
DOB/SSN: 01/04/1974 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
USMS #: 11325-002  AIS #170224a
CR #: 2:03CR243-001-F

　　　Please accept this Detainer against the above-named subject who is currently in your custody. The United States District Court for the *Middle District of Alabama* issued a **Judgment and Commitment Order** against the subject. The **Judgment and Commitment Order** commits the subject to the custody of the U.S. Attorney General to serve the following sentence of imprisonment: ONE HUNDRED EIGHTY (180) MONTHS BOP.

　　　Prior to the subject's release from your custody, please notify this office at once so that we may assume custody of the subject for service of his Federal sentence of imprisonment. If the subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at the time of transfer and advise this office as soon as possible. The notice and speedy trial requirements of the Interstate Agreement on Detainers Act do **NOT** apply to this Detainer.

　　　Please acknowledge receipt of this Detainer. In addition, please provide one copy of the Detainer to the subject and return one copy of the Detainer to this office in the enclosed self-addressed envelope.

Very truly yours,

Jesse Seroyer, Jr.
United States Marshal
By: *Debi Brewer*
　　*Criminal Program Specialist*

| RECEIPT |
|---|
| Date: 9-27-04 |
| Signed: Brenda Caballero |
| By: Brenda Caballero |
| Title: Detainer Clerk |

PRIOR EDITIONS ARE OBSOLETE AND NOT TO BE USED

Form USM-16b
Est. 11/98



GOVERNMENT EXHIBIT
C

*Close*
*RCC Seg*

CBR202

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
CENTRAL RECORDS DIVISION
1400 LLOYD STREET
MONTGOMERY, ALABAMA 36130-1501    M-6
29 SEP 2004

TO: UNITED STATES MARSHAL SERVICE
    ONE CHURCH STREET, STE A-100
    MONTGOMERY        AL 36104

RE:  BROWN, JONATHAN ELLIS
AIS NO: 00170224S        CASE NUMBER =
R&S:    BM    DOB:  4 JAN 1974
CHARGE(S): SENT 130 MOS/2:03CR243-001F

DEAR SIR:

    AS YOU HAVE REQUESTED WE HAVE PLACED A HOLDOVER AGAINST SUBJECT AND WILL
NOTIFY YOUR OFFICE APPROXIMATELY THIRTY (30) DAYS BEFORE DATE OF HIS RELEASE
SO YOU MAY ARRANGE TO TAKE CUSTODY.

    BY COPY OF THIS NOTIFICATION, THE WARDEN HAVING PHYSICAL CUSTODY OF THE
INMATE IS INSTRUCTED TO INFORM THE INMATE OF THE SOURCE AND CONTENT OF YOUR
DETAINER, AND TO GIVE SUBJECT A COPY ATTACHED. ADDITIONALLY, THE WARDEN HAS
BEEN INSTRUCTED TO ADVISE THE INMATE THAT HE  MAY REQUEST FINAL DISPOSITION
OF ANY UNTRIED INDICTMENT, INFORMATION, OR COMPLAINT, BY WRITING THE COURT
AND DISTRICT ATTORNEY WHERE THESE CHARGES ARE PENDING. IF CHARGES AGAINST
THIS SUBJECT ARE WITHDRAWN PRIOR TO THE EXPIRATION OF HIS PENITENTIARY SENT-
ENCE, REQUEST YOU ADVISE THIS OFFICE.

CURRENT SHORT TIME RELEASE DATE IS: 06 MAR 2032
PAROLE HEARING SETUP DATE IS: NO DATE SET

ADDITIONAL DETAINERS CURRENTLY IN EFFECT ARE:
AGENCY                              OFFENSE
_____                            _____
1. AUTAUGA COUNTY S.O.             POSS CONTROL SUBSTANCE

INMATE *Jonathan Brown*              VERY TRULY YOURS,

Date *10/5/04*

Cust. CLOSE                          KATHY HOLT
                                     INMATE RECORDS ADMINISTRATION

Officer *Jeffery Doyle* C.O.         BY: _____ *BC* _____
                                     DETAINER CLERK

[stamp: OCT 20__ RECEIVED 10/19/2003]

GOVERNMENT
EXHIBIT
C

CC: WARDEN/DIR/SUPT: RCC
    PAROLE BOARD, 1400 LLOYD STREET, MONTGOMERY, AL., 36130-1501
    INMATE CENTRAL FILE